JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAR 22 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE RAYMOND LEE ORGANIZATION, INC.)
SECURITIES LITIGATION                 )
DOCKET NO. 337

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL,
ANDREW A. CAFFREY*, AND ROY W. HARPER, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of two actions, one in the Central District of California and one in the Southern District of New York. Each of these actions arises from the business relationships of the various plaintiffs with the Raymond Lee Organization, Inc. (RLO), a company that provides patenting, development and marketing services to inventors.

The California action was filed in October 1973 against RLO; Raymond Lee, who is the president of RLO; two officers and/or employees of RLO; four companies that are allegedly agents and/or affiliates of RLO; and four patent attorneys or agents of RLO who are registered with the Patent Office

---

\*  Judges Lord and Caffrey took no part in the decision of this matter.

and who have from time to time performed certain patent-related services for some of the other defendants. The complaint in the California action alleges that defendants: (1) conspired to and did lead plaintiffs falsely to believe that certain defendants were qualified to prepare patent applications and were recognized to practice before the Patent Office, all in violation of 35 U.S.C. §33;[1] (2) made certain false representations and descriptions in connection with the services they purported to provide plaintiffs, in violation of §43(a) of the Lanham Trademark Act, 15 U.S.C. §1125(a);[2] and (3) violated the federal securities laws

---

[1] 35 U.S.C. §33 provides as follows:
    Whoever, not being recognized to practice before the Patent Office, holds himself out or permits himself to be held out as so recognized, or as being qualified to prepare or prosecute applications for patents, shall be fined not more than $1,000 for each offense.

[2] 15 U.S.C. §1125(a) provides in part as follows:
    Any person who shall affix, apply, or annex, or use in connection with any goods or services...a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be...used in commerce, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

in connection with the solicitation and sale to plaintiffs of development agreements concerning plaintiffs' inventions. The district court in California has ruled from the bench in this action that these development agreements do not constitute securities within the meaning of the federal securities statutes, and has orally granted defendants' motion for summary judgment dismissing the count of plaintiffs' complaint that alleges federal securities law violations. No formal written order incorporating these rulings has yet been filed, however.

The California action was brought as a purported class action on behalf of all persons who, from on or about July 7, 1967 through late 1973, entered into certain specified written agreements with the defendants. The parties have represented before us that the California district court has orally denied class certification in this action.

Extensive discovery and other pretrial proceedings have already taken place in the California action, and all parties who have taken a position before the Panel concede that discovery has been completed in that action. The court has not yet set a trial date for the California action.

The New York action was commenced in December 1977 against RLO and Raymond Lee.  The complaint in this action was brought both individually and on behalf of a class consisting of "all clients of defendants."  The first cause of action, asserted on behalf of the individual plaintiff and the purported class, alleges federal securities laws violations similar to those alleged in the California action.  The other counts of the New York complaint are asserted solely on behalf of the individual plaintiff, and allege that:  (1) defendants misrepresented to the plaintiff the terms of the development agreement into which plaintiff entered, and that plaintiff lacked an opportunity to ascertain the true contents of the contract by reason of plaintiff's "limited command of the English language"; (2) defendants breached that same contract; and (3) defendants, in violation of the federal securities laws, made certain material misrepresentations and omissions directly to plaintiff in connection with that contract.

This litigation is before the Panel on the motion of defendants RLO and Lee for transfer, pursuant to 28 U.S.C. §1407, of the New York action to the Central District of California for coordinated or consolidated pretrial proceedings with the

action pending there.  The plaintiffs in the California and New York actions oppose transfer.  No other parties have responded to the motion.³/

Movants argue that these two actions share numerous complex questions of fact concerning defendants' transaction of their invention development business, including defendants' allegedly fraudulent misrepresentations and omissions to plaintiffs, either orally or through written promotional material.  The extensive discovery already completed in the California action with respect to these common questions of fact may most expeditiously be made applicable to the New York action under the supervision of the judge assigned to the California action because he has gained substantial familiarity with those questions, movants maintain.

Movants point out that a class action determination and a ruling on the status of the development agreements as securities under federal law have already been made in the California action.  They argue that a risk of inconsistent rulings on nearly those same issues in the New York action would be created unless that action is transferred to the Central District of California pursuant to Section 1407.

---

3/   Six defendants in the California action submitted a short reply to the New York plaintiff's memorandum in opposition to transfer.  These defendants have not expressly taken any position on the issue of transfer under Section 1407, however.

When, as here, a minimal number of actions are under consideration for transfer under Section 1407, the movants bear a strong burden to show that the common questions of fact are so complex and the accompanying discovery so time-consuming that Section 1407 transfer would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. See In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543, 544 (J.P.M.L. 1969). We find that movants have not met that burden, although we recognize that these actions share common questions of fact. Furthermore, the fact that discovery has been completed in one of the two actions before us, and thus that action is nearing trial, diminishes any benefits that could be gained by Section 1407 proceedings.

We observe that suitable alternatives to transfer under Section 1407 are available to all parties in this litigation.[4] Any party could ask the judge supervising the New York action

---

[4] Movants stated at oral argument before the Panel that they may seek transfer of the New York action to the Central District of California pursuant to 28 U.S.C. §1404(a). We note that, because of the different considerations that underlie Sections 1407 and 1404(a), our denial of transfer under Section 1407 would not be dispositive of a Section 1404(a) motion. See In re American Financial Corporation Litigation, 434 F. Supp. 1232, 1234 (J.P.M.L. 1977).

Case MDL No. 337   Document 2   Filed 05/05/15   Page 7 of 8

- 7 -

to issue an order to show cause why the discovery already completed in the California action should not be made applicable to the New York action. See Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977). Or the parties simply could stipulate that that discovery could be used in the New York action. See In re American Financial Corporation Litigation, supra note 4, at 1234. In addition, communication and cooperation between the California and New York courts, if deemed appropriate by those courts, along with the cooperation of the parties, would minimize the possibility of conflicting pretrial rulings. See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litigation, ____ F. Supp. ____, ____ (J.P.M.L., filed February 28, 1978) (slip opinion at 4).[5/]

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 pertaining to the actions listed on the following Schedule A be, and the same hereby is, DENIED.

---

[5/] In particular, there appears to be little likelihood of inconsistent class action determinations in this litigation. The New York plaintiff has represented to the Panel that his motion for class action determination, which has not yet been filed, will cover a later time period than that involved in the California action and will be limited to persons who contracted with defendants and who reside in the Southern and Eastern Districts of New York. Brief of New York Plaintiff, at 11-13, In re Raymond Lee Organization, Inc. Securities Litigation, MDL-337 (filed February 1, 1978).

SCHEDULE A

| SOUTHERN DISTRICT OF NEW YORK | Civil Action No. |
| --- | --- |
| Ko-Ming Sheih v. The Raymond Lee Organization, Inc., et al. | 77-5822 |

CENTRAL DISTRICT OF CALIFORNIA

| | |
| --- | --- |
| Constance C. Jones, et al. v. The Raymond Lee Organization, Inc., et al. | 73-2500 |